RECEIVED
FEB 20 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| BRYAN WAYNE JACK | CIVIL ACTION NO.: 06-1467 |
| VERSUS | JUDGE DOHERTY |
| SCHLUMBERGER TECHNOLOGY CORP. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Currently pending before this Court is a "Motion for a Daubert Hearing Regarding the Testimony of Defendant's Economist" [Doc. 24], filed by plaintiff Bryan Wayne Jack.

Plaintiff seeks a hearing to determine whether the proposed testimony of defendant's economist, Dr. Kenneth Boudreaux, complies with *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) given that Dr. Boudreaux relies on the Camus Study to calculate the value of plaintiff's loss of future earning capacity. Plaintiff argues the questionable methodology employed in the Camus Study does not satisfy the requirements for admitting expert testimony under *Daubert*, and that the testimony of Dr. Boudreaux should therefore be excluded insofar as Dr. Boudreaux relied on the Camus Study to formulate his opinions. Defendant has not opposed the motion.

Considering the foregoing, plaintiff's "Motion for a Daubert Hearing Regarding the Testimony of Defendant's Economist" [Doc. 24], appearing to be well-founded in law and fact and being unopposed by the defendant, is hereby GRANTED IN PART and DENIED IN PART. The motion is GRANTED to the extent the testimony of Dr. Boudreaux is excluded insofar as Dr.

Boudreaux's testimony relies on the Camus Study without additional support.[1] The motion is DENIED to the extent it seeks a *Daubert* hearing, inasmuch as this Court's substantive ruling obviates the need for such a hearing.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___20___ day of February, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] See, e.g., *Marcel v. Placid Oil Co.*, 11 F.3d 563, 567-68 (5th Cir. 1994) (Fifth Circuit affirmed district court's exclusion of Dr. Boudreaux's testimony concerning the Camus study, finding no abuse of discretion where defendant "did not tender any evidence comparing the worklife in the oilfield with the national average or with the worklife of any other occupation," and noting defendant did not adequately develop Dr. Boudreaux's discussion of the Camus study in the context of relevant general economic evidence).